UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENSION BENEFIT GUARANTY
CORPORATION,

Petitioner,

v.

PEOPLE TECH GROUP INC.,

Defendant.

CASE NO. 2:25-cv-01805-JNW

ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT

## 1.  INTRODUCTION

This action arises under Title IV of the Employee Retirement Income Security Act ("ERISA"). Petitioner, Pension Benefit Guaranty Corporation ("PBGC"), is a U.S. Government corporation established under 29 U.S.C. § 1302(a) to administer the pension insurance program created under Title IV of ERISA. PBGC is currently investigating Defendant People Tech Group Inc. ("PTG"), a Washington corporation, for the failure of its wholly owned company, Aegis Company, to pay pension insurance premiums and file annual disclosures. Dkt. No. 1 ¶¶ 12, 17. On July 7, 2025, PBGC issued an administrative subpoena to PTG under 29 U.S.C. § 1303(c). PTG did not respond, leading PBGC to file a petition to

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

enforce its subpoena in this Court. *Id.* ¶ 25. The Clerk of the Court entered default against PTG on December 2, 2025, Dkt. No. 9, and PBGC moves for default judgment. Dkt. No. 10. For the reasons below, the Court GRANTS the motion.

## 2.  LEGAL STANDARD

Before entering a default judgment, a court must confirm that it has jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If jurisdiction is satisfied, courts consider the *Eitel* factors when deciding whether to grant default judgment. These are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). Courts often consider the second and third factors simultaneously; together, these factors examine whether the plaintiff has made a prima facie case on their claims. *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022). At the default judgment stage, the court takes as true the well-pleaded factual allegations in the complaint, except those related to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

### 3.  DISCUSSION

**3.1   The Court has jurisdiction over this action.**

To begin, the Court confirms its authority to enter judgment. Under 29 U.S.C. §§ 1303(c) and (e)(3), jurisdiction over PBGC's enforcement action is vested in a district court where PBGC's investigation is carried on, or where the subject of the subpoena "resides or carries on business." PTG is a Washington corporation with its principal office in Redmond, Washington. Dkt. Nos. 11-1 at 1; 1-2 ¶ 2. This Court accordingly has jurisdiction, and PTG—having been properly served and having failed to appear—has not contested it.

**3.2   The first three *Eitel* factors support default judgment.**

The first factor supports entering default against PTG because PBGC will suffer prejudice absent default judgment; it has no other means of obtaining information from PTG if its subpoena is not enforced.

The second and third factors, which consider whether PBGC has made out a viable claim, also support default judgment. In agency subpoena enforcement proceedings, "[a] court determines only: (1) whether Congress has granted authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Su v. Starbucks Corp.*, 697 F. Supp. 3d 1078, 1081 (W.D. Wash. 2023) (citing *E.E.O.C. v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009)).

Here, based on PBGC's well-pleaded factual allegations, all three requirements are met. First, PBGC has statutory authority to investigate as it

deems necessary to enforce ERISA provisions. 29 U.S.C. § 1303(b). It may subpoena witnesses, take evidence, and "require the production of any books, papers, correspondence, memoranda, or other records which the corporation deems relevant or material to [its] inquiry." 29 U.S.C. § 1303(b); *see also* 29 U.S.C. §§ 1303(a), (c) (corporation authorized to seek district court's aid to enforce its subpoena).

Second, while neither ERISA nor PBGC regulations require a specific means of service for administrative subpoenas issued by PBGC, the Court finds that PBGC has proceeded in accordance with due process of law and the orderly administration of justice. *See Pension Benefit Guar. Corp. v. Panache Destination Mgmt.*, Case No. 21-mc-80147-TSH, 2021 WL 5043118, at *3 (N.D. Cal. Sept. 10, 2021). PBGC mailed the subpoena to PTG's principal street address and emailed a copy of the subpoena to a PTG representative. Dkt. No. 1 ¶ 25. PBGC then extended the deadline to respond on PTG's request. *Id.* ¶ 26. Moreover, PBGC has complied with 29 U.S.C. § 1303(c) in seeking enforcement of its subpoena. That statute permits the corporation to "invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records." 29 U.S.C. § 1303(c). PBGC has shown that PTG is a Washington corporation, making this Court the appropriate court in which to seek relief. Dkt. Nos. 11-1 at 1 (Washington Secretary of State documentation); 1-2 ¶ 2; *see Pension Benefit Guar. Corp.*, 2021 WL 5043118, at *3.

Third and finally, the Court finds that the documents and information sought by the subpoena are relevant and material to PBGC's investigation. Notably, "courts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *PBGC v. Aegis*, Case No. 24-cv-01793-KKE, 2025 WL 606174, at *4 (W.D. Wash. Feb. 25, 2025) (quoting *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001)) (noting in a related case that PBGC's document requests met this "low standard"). The Court agrees with PBGC that items and information demanded by the subpoena will help PBGC determine the Plan's current status, as well as whether PBGC will need to take further action with respect to the Plan. *See* Dkt. No. 1-7 at 9.

Thus, PBGC has stated a viable claim for enforcement of the subpoena, and the second and third *Eitel* factors support default judgment.

### 3.3    On balance, the remaining *Eitel* factors support default judgment.

The fourth, fifth, and sixth *Eitel* factors also support entering default judgment against PTG. The fourth factor supports default judgment, given there is no money at stake in this subpoena enforcement action. As for the fifth factor, the material facts are limited and straightforward, and the Court finds there is little possibility of dispute. Thus, this factor, too, favors default judgment. The sixth factor supports default judgment because PTG was timely served, and because no aspect of the record suggests that PTG has failed to act due to excusable neglect.

Turning to the seventh factor, the Court recognizes that default judgment is "ordinarily disfavored" and that matters "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But PTG's failure to participate in this case makes a disposition on the merits impossible. *See Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195, 1209 (W.D. Wash. 2025). And this preference, standing alone, is not dispositive. *See id.* (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). Because the remaining *Eitel* factors favor default judgment, this factor does not preclude it.

## 4.  CONCLUSION

Accordingly, Petitioner's motion for default judgment is GRANTED. Dkt. No. 10. The Court ORDERS Defendant to produce all documents and records responsive to Petitioner's subpoena within 30 days of the date of this order.

Dated this 2nd day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 6